**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LINDA K. WARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-367-C |
| | ) |
| MICHAEL J. ASTRUE,[1] | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, Ms. Linda K. Ware, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record (AR). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

**I.   Procedural Background**

Plaintiff's application for disability benefits was denied initially and upon reconsideration. AR 22-23. Upon Plaintiff's request, an Administrative Law Judge (ALJ)

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

held a hearing on October 20, 2004.  AR 304-328.  The ALJ issued an unfavorable decision on December 8, 2004.  AR 240-248.

The Appeals Council granted Plaintiff's request for review, however, and remanded the case to the same ALJ for a new hearing and a new administrative decision.  AR 250-251. The Appeals Council directed the ALJ to evaluate the effects of Plaintiff's obesity at every step of the sequential evaluation pursuant to SSR 02-01p.[2]  Additionally, the Appeals Council directed the ALJ to compare Plaintiff's residual functional capacity (RFC) with the physical and mental demands of her past relevant work.  The Appeals Council noted a discrepancy between the ALJ's conclusion that Plaintiff can "remember and understand 'very short and simple instructions'" and his conclusion that Plaintiff could work as a Line Server, a job the Vocational Expert (VE) classified as semi-skilled.  AR 250.  The Order stated that the ALJ's "hypothetical questions should reflect the specific capacity/limitations established by the record as a whole."  AR 251.[3]

The ALJ held a second hearing on November 8, 2005, AR 329-353, and issued a second unfavorable decision on January 5, 2006.  AR 11-20.  The Appeals Council denied review on March 20, 2006, and the ALJ's January 5, 2006, decision became the final decision of the Commissioner.  AR 6-9.

---

[2]In his second unfavorable decision, the ALJ states that Plaintiff's obesity was evaluated under SSR 00-3p.  AR 17.  This ruling was superceded by SSR 02-01p.  On remand, the ALJ should consider the effects of Plaintiff's obesity under the superceding ruling.

[3]In this action for judicial review, Plaintiff does not raise any issue regarding mental limitations.

## II. The Administrative Decision

The ALJ applied the five-step sequential evaluation process, *see Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005), and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, December 10, 2002. AR 14, 16, 19. At step two, the ALJ determined that Plaintiff has migraine headaches and degenerative joint disease and that these impairments are severe within the meaning of the Social Security regulations. AR 16, 17, 19. At step three, the ALJ determined that Plaintiff's severe impairments do not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 17, 19. At step four, the ALJ determined that Plaintiff has the RFC to perform a wide range of light work, limited by her ability to bend forward at the waist only occasionally. AR 18, 19. Based upon that RFC, the ALJ found that Plaintiff could perform her past relevant work as cashier. AR 18, 19. Additionally, the ALJ found that Plaintiff could perform the light, unskilled job of cafeteria attendant and light, semi-skilled work such as desk clerk and retail store keeper. AR 18, 19.

## III. Issues Presented for Judicial Review

Plaintiff presents the following issues for judicial review: (1) whether the ALJ failed to properly assess Plaintiff's RFC and whether his RFC findings are supported by substantial evidence; and (2) whether the ALJ erred in failing to properly evaluate Plaintiff's credibility. Plaintiff states that the ALJ never explained how the standard for evaluating a claimant's credibility was applied to the facts in this case. Further, Plaintiff states that the ALJ improperly discredited Plaintiff's testimony based on the number of medical records

documenting Plaintiff's subjective complaints, without considering Plaintiff's explanation for the scarcity of medical records.

## IV.     Standard of Review

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* 331 F.3d at 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but the court does not reweigh the evidence or substitute its own judgment for the Commissioner's. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

## V.     Analysis

### A.     Claim One – Whether the ALJ Erred in Assessing Plaintiff's RFC

The ALJ concluded that Plaintiff retains the RFC to perform a wide range of light work. In so concluding, the ALJ found that Plaintiff can lift no more than 20 pounds at a

time, that she can frequently lift and carry objects weighing up to 10 pounds, and that she is able to perform jobs that require "a good deal of walking or standing" and jobs that involve "sitting most of the time with some pushing or pulling of arm and leg controls." AR 18. The ALJ found that Plaintiff has one postural limitation, *i.e.*, she can "only occasionally bend forward at the waist." AR 18, 19. Based on this RFC, the ALJ concluded that Plaintiff can perform her past relevant work as cashier, classified as light and semiskilled, as well as other light, unskilled and semiskilled jobs existing in the regional and national economies. AR 18, 19.

The sole Physical Residual Functional Capacity Assessment in the administrative record is the familiar checklist form completed by a doctor at the request of the state agency. The agency doctor noted that Plaintiff was morbidly obese but opined that Plaintiff could perform work classified as "medium" with no postural limitations. AR 119-126. In determining Plaintiff's RFC, the ALJ rejected the RFC for medium work and stated that the agency's determination "appears to be somewhat over ambitious given the claimant's medical history which includes obesity." AR 18.

Social Security regulations and rulings require an ALJ to consider the effects of a claimant's obesity at every level of the sequential evaluation. *See* 20 C.F.R. pt. 404, subpt. P, app. 1; SSR 02-01p, 2000 WL 628049. Where a claimant suffers from obesity, the ALJ should "explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations." SSR 02-01p at *7. Additionally, the ALJ must consider the combined effect of obesity and the claimant's other impairments. *Id.*

In this case, the ALJ stated only that Plaintiff's "obesity was not of such a level that it resulted in an inability to ambulate." AR 17. Obesity, however, can affect a claimant's ability to function, even if it does not result in an inability to walk. Yet the record is devoid of any explanation of the ALJ's implicit conclusions that Plaintiff's obesity causes no postural limitations on Plaintiff's ability to climb, balance, kneel, crouch and crawl and no limitation on her ability to perform jobs requiring "a great deal of walking or standing" or requiring sitting with "some pushing and pulling of arm and leg controls." The ALJ's decision also does not contain any indication that the ALJ considered, as required by SSR 02-01p, the combined effect of Plaintiff's obesity and her severe degenerative joint disease. *See* SSR 02-01p at *7.

In light of the regulatory directives set forth in SSR 02-01p, the ALJ's decision is deficient in its consideration and explanation of the effect of obesity upon Plaintiff's RFC, and the ALJ's findings are not supported by substantial evidence in the record. Finally, the ALJ did not address how Plaintiff's severe non-exertional impairment, migraine headaches, would affect her RFC. For these reasons, this case should be reversed and remanded for additional consideration of Plaintiff's RFC.

**B.    Claim Two – Whether the ALJ Properly Evaluated Plaintiff's Credibility**

The ALJ's assessment of Plaintiff's subjective allegations of pain necessarily required the ALJ to consider Plaintiff's credibility. Plaintiff takes issue with the ALJ's conclusion

that Plaintiff's testimony regarding her subjective complaints of pain and the frequency of her migraine headaches was not credible.[4]

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). Moreover, to be considered disabling, pain must be so severe, either by itself or combined with other impairments, that it precludes any substantial gainful employment. *See Brown v. Bowen*, 801 F.2d 361, 362-363 (10th Cir. 1986). "A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Rather, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id.* (citations omitted). The Tenth Circuit Court of Appeals has explained the proper analysis of subjective allegations of pain:

> The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3)

---

[4]The ALJ stated, "The claimant's allegations and subjective complaints are not substantiated[,] and her allegations are not credible." AR 17. It appears from this sweeping statement that the ALJ rejected all of Plaintiff's allegations and subjective complaints. Yet the record reflects that doctors diagnosed Plaintiff's condition as complex migraine headaches after clinical work-ups and that Plaintiff received medical treatment for the condition. Further, the ALJ himself found Plaintiff's migraine headaches to be a "severe" impairment. Therefore, the ALJ's sweeping rejection of all of Plaintiff's subjective complaints of pain is not supported by the record.

> if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Id.* (quotation omitted). In assessing an individual's credibility regarding symptoms, the administrative law judge should consider factors such as:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (*citing Huston v. Bowen*, 838 F.2d 1125 (10th Cir. 1988)). Additionally, credibility findings should be "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler*, 68 F.3d at 391. Nevertheless, the Tenth Circuit has "not reduced credibility evaluations to formulaic expressions: '*Kepler* does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.'" *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (*quoting Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)).

The ALJ noted that Plaintiff had provided "surprisingly few treatment records given the nature of her allegations." AR 17. He further stated that despite degenerative changes in her lumbar spine, "there have been no restrictions placed upon her from any physician." AR 17.[5] These observations form the basis of the ALJ's conclusion that Plaintiff's

---

[5]The absence of documented restrictions may be explained by the fact that Plaintiff was not employed.

"allegations and subjective complaints are not substantiated[,] and her allegations are not credible." AR 17.

Plaintiff testified that she has migraine headaches sometimes as frequently as four times per month and that the headaches sometimes last from three to five days. AR 336-337. In December 2002, Plaintiff was diagnosed with complicated migraine headaches after diagnostic testing at the University of Oklahoma Medical Center. AR 196-212. In a physician's note, Plaintiff was reported as having stated that she had been suffering from chronic headaches two to three times per month and lasting three to four days. AR 179. The record does support the ALJ's observation that Plaintiff "mainly used the emergency room as a primary care facility for headaches, sore throat, and other non-life threatening types of conditions such as feet and leg pain and sometimes back pain." AR 17. But Plaintiff testified that she does not have medical insurance and cannot afford other medical care. AR 339. The ALJ failed to consider Plaintiff's inability to pay for medical treatment when he determined that her testimony was not credible because of the "surprisingly few" treatment records. Plaintiff had undergone a battery of medical tests at the University of Oklahoma Medical Center, all of which indicated that her headaches were complex or atypical migraine headaches and not headaches caused by stroke. AR 196. Plaintiff testified that she takes butalbital to help with headache pain and that this medication begins to ease her pain in about two days, after she has taken several doses. AR 335-337. In this case, the Plaintiff lacks medical insurance, is unable to pay for extensive medical services, and has a prescription for medication that eventually eases her pain. Her financial position, coupled with the fact that

she knows her headaches have not been attributed to stroke or any other life-threatening condition, could reasonably account for the fact that she has, according to her testimony, had far more headaches than are reflected in the medical records. But the ALJ's decision does not reflect consideration of these relevant circumstances. *See Sand v. Shalala*, 820 F. Supp. 1299, 1308 (D. Kan. 1993) (ALJ erred in failing to consider reasons for frequency or infrequency of medical contacts, including financial inability to obtain medical care).

The ALJ's credibility findings are not supported by substantial evidence in the record. Moreover, the ALJ has failed to closely and affirmatively link substantial evidence to his credibility findings. Accordingly, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by April __18th__, 2007. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this   29th   day of March, 2007.

*/s/ Valerie K. Couch*
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE